UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE ALMAGUER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COOPER MECHANICAL SERVICES, LLC and GARY COOPER,<br><br>Defendants. | No. _____<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff JOSE ALMAGUER (referred to as "Plaintiff" or "Almaguer") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Cooper Mechanical Services, LLC (referred to as "CMS") and Gary Cooper ("Cooper") (collectively referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Almaguer's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

1

well-being of workers … ." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Almaguer and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Defendants violated the FLSA by failing to maintain accurate time and pay records for Almaguer and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Almaguer brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction and Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because CMS and Cooper reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Almaguer's claims occurred in the Houston Division of the Southern District of Texas.

### III. Parties

8. Jose Almaguer is an individual who resides in Harris County, Texas and who has been employed by CMS and Cooper during the last three years.

9. Cooper Mechanical Services, LLC is a Texas Corporation with its principal office/place of business located at 256 N. Sam Houston Parkway, Suite 220, Houston, Texas 77060. CMS may be served with process by serving its registered agent: Anna Cooper, at 15580 Rabon Chapel Road, Montgomery, Texas 77316. Alternatively, if the registered agent of CMS cannot with reasonable diligence be found at the company's registered office, CMS may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Gary Cooper is an individual who may be served with process at 15580 Rabon Chapel Road, Montgomery, Texas 77316 or wherever he may be found.

11. Whenever it is alleged that Defendants committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

12. Defendants offer a variety of services regarding commercial HVAC and refrigeration services, including but not limited to inspection, installation, and repair services; it does business in the territorial jurisdiction of this Court.

13. During Almaguer's employment with Defendants, he was engaged in commerce or the production of goods for commerce.

14. During Almaguer's employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

15. During Almaguer's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

16. During the previous three years, Defendants employed dozens of individuals, including Almaguer, as HVAC Technicians.

17. During Almaguer and other HVAC Technician's employment with Defendants, the regularly worked in excess of forty hours per week.

18. Defendants knew or reasonably should have known that Almaguer and other HVAC Technicians worked in excess of forty hours per week.

19. Defendants did not pay Almaguer and other HVAC Technicians overtime "at a rate not less than one and one-half times the regular rate at which they [were] employed." 29 U.S.C. § 207(a)(1).

20. Instead, Defendants paid Almaguer and other HVAC Technicians at the same hourly rate (i.e., their straight time rate) regardless of the number of hours they worked.

21. In other words, Defendants paid Almaguer and other HVAC Technicians their overtime at a rate less than one and one-half times the regular rate at which they were employed in violation of the FLSA.

22. In addition, Defendants refused to pay Almaguer and other HVAC Technicians for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., Plaintiff was required to work "off-the-clock").

23. By way of example, Defendants did not pay Plaintiff for (or count towards its statutory overtime obligations) the following compensable time:

   a. Weekly safety meetings, which normally lasted between 30 minutes and 60 minutes; and

   b. "Standby time", which is the time during which an employee is available to work but is not able to work because they are waiting to be given a specific job to do.

24. As a result of these failures, Defendants did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

25. Defendants failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29. C.F.R. pt. 516.

26. Defendants knew or showed reckless disregard for whether its pay practices violate the FLSA.

27. CMS and Cooper are liable to Plaintiff for their unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

28. All nonexempt workers employed by CMS and Cooper during the last three years are similarly situated to Plaintiff because they (1) had similar job duties; (2) were frequently required to work off-the-clock; (3) regularly worked over forty hours per week; (4) were not paid overtime for the hours they worked over forty hours per week; (5) were not paid overtime for the hours they worked over forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

### V. Count One – Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

29. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

30. During Plaintiff's employment with Defendants, he was a nonexempt employee.

31. As a nonexempt employee, Defendants were legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

32. Defendants did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked over forty in a workweek.

33. Instead, Defendants refused to pay Plaintiff for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., they required Plaintiff to work "off-the-clock").

34. By way of example, Defendants did not pay Plaintiff for (or count towards its statutory overtime obligations) the following compensable time:

   a. Weekly safety meetings, which normally lasted between 30 minutes and 60 minutes; and

   b. "Standby time", which is the time during which an employee is available to work but is not able to work because they are waiting to be given a specific job to do.

35. As a result of these failures, Defendants did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

36. If Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

37. Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Cooper Mechanical Services, LLC and Gary Cooper willfully violated the overtime requirements of the FLSA.

### VI. Count Two – Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

38. Plaintiff adopts by reference all of the facts set forth above. See, Fed. R. Civ. P. 10(c).

39. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

40. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three – Collective Action Allegations

41. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

42. On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

43. These employees are similarly situated to Plaintiff because, during the relevant time period, they were nonexempt, were frequently required to work off-the-clock, and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

44. Defendants' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

45. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

46. All HVAC Technicians of Defendants', regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which he were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All HVAC Technicians employed by Cooper Mechanical Services, LLC and Gary Cooper during the last three years.

47. CMS and Cooper are liable to Plaintiff and the other nonexempt workers it employed for the difference between what it actually paid them and what it was legally obligated to pay them.

48. Because Defendants knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the other nonexempt workers it employed their unpaid overtime wages for at least the last three years.

49. CMS and Cooper are liable to Plaintiff and the other nonexempt workers it employed in an amount equal to their unpaid overtime wages as liquidated damages.

50. CMS and Cooper are liable to Plaintiff and the other nonexempt workers it employed for their reasonable attorneys' fees and costs.

51. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

52. Plaintiff demands a trial by jury.

## IX. Prayer

53. Plaintiff prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Plaintiff and the other nonexempt workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

d.  postjudgment interest at the applicable rate;

e.  incentive awards for any class representative(s); and

f.  all such other and further relief to which Plaintiff and the other nonexempt workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: */s/ Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**